IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYRONE ANSARO FERGUSON, JR., | ) | |
| Plaintiff, | ) | Case No. 7:21-cv-00601 |
| | ) | |
| v. | ) | |
| | ) | By: Joel C. Hoppe |
| WARDEN ISRAEL HAMILTON, *et al.*, | ) | United States Magistrate Judge |
| Defendants. | ) | |

**ORDER**

Plaintiff Tyrone Ansaro Ferguson, Jr., a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis* ("IFP"). On April 21, 2022, Ferguson was granted leave to proceed IFP "to the extent [he] does not pay for service of process and may pay the filing fee via installments." (ECF No. 14.) The defendants have since been served with process, and several defendants have filed responsive pleadings.

Pending before the court is a letter that the Clerk received from Ferguson on July 25, 2022, which was docketed as a motion for voluntary dismissal. (ECF No. 39.) In the letter, Ferguson states that he "would like to *possibly* withdraw this claim until [he is] released in February of 2023, so [he] can have access to more information to strengthen [his] claim . . . ." (*Id.*) (emphasis added). Ferguson also requests that the court direct his institution to suspend collection of the filing fee until he is released from incarceration. (*Id.*)

To the extent Ferguson seeks to suspend collection of the filing fee, the motion must be denied. Pursuant to 28 U.S.C. § 1915(b), "prisoners qualified to proceed *in forma pauperis* nevertheless [are required] to pay an initial partial filing fee." *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). They are then required to "complete payment of the filing fee . . . in monthly installments . . . ." *Id.* (citing 28 U.S.C. § 1915(b)(2)). Thus, regardless of whether prisoners are granted leave to proceed IFP, they are eventually "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also id.*

§ 1915(b)(2) ("The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."). There are no exceptions to this requirement while a prisoner remains incarcerated. As other courts have explained, § 1915(b) "does not provide any authority or mechanism for the Court to reduce or waive payment of [a prisoner's] filing fee, suspend collection of the filing fee, or to reimburse any payments already made." *Bowersock v. Kernan*, No. 1:18-cv-01040, 2018 U.S. Dist. LEXIS 182720, at * 3 (E.D. Cal. Oct. 24, 2018). This is true even if a prisoner decides to voluntarily dismiss a case. *Id.*; *see also Goins v. DeCaro*, 241 F.3d 260, 261 (2d Cir. 2001) (noting that § 1915(b) "makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the event that an appeal is withdrawn"). Accordingly, Ferguson's motion to suspend collection of the filing fee (ECF No. 39) is **DENIED**.

In light of the foregoing, Ferguson is **DIRECTED** to advise the court as to whether he wishes to proceed with this action. If Ferguson *does not* wish to proceed with the action at this time, he must file a separate motion for voluntary dismissal without prejudice, pursuant to Federal Rule of Civil Procedure 41(a), within fourteen days. A dismissal without prejudice would allow Ferguson to refile his claim, subject to the applicable statute of limitations. It would not, however, release him from the obligation to pay the filing fee while he remains incarcerated. If Ferguson *does* wish to proceed with this action, he must file a notice so stating within fourteen days.

The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

ENTER: September 7, 2022

/s/ Joel C. Hoppe
United States Magistrate Judge